## GUTHRIE VS. MORRIS ET AL.

An infant may bind himself for necessaries by bond. When the fact of the consideration of the bond being for necessaries is put in issue, a recovery may be had to the extent of the plaintiff's proof.

*Appeal from Jackson Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

OWEN, for the appellant.

The authorities are clear, that an infant can not bind himself by a bond, EVEN FOR NECESSARIES. 10 *Johns. R.* 33 ; *Fenton vs. White*, 1 *Southard's Rep.* 100 ; *McCrillis vs. Howe*, 3 *N. H.* 348; *Bouchille vs. Clary*, 3 *Brevard* 194.

Although liable to an action for NECESSARIES, he is not liable ON THE BOND, especially upon a bond providing for the payment of a CONVENTIONAL interest. The contract for interest being only binding by a written agreement, necessarily requires that the party making it should be able to contract.

When the infant's contract is clearly prejudicial to him, it is void. *Couroe vs. Birdsall*, 1 *Johns. Cas.* 127; *White vs. Flora*, 2 *Overton's Rep.* 431; *Roberts vs. Wiggins*, 1 *N. H. R.* 73; 2 *H. Black. R.* 511.

Mr. Justice COMPTON delivered the opinion of the Court.

Wilson Guthrie was sued in the Jackson Circuit Court on a bond executed by him to the plaintiffs, for the payment of $143-67, with interest at ten per cent. per annum.

He pleaded infancy, and the plaintiffs replied that the bond was given for necessaries.

A demurrer to the replication was overruled, and Guthrie saying nothing further, judgment was rendered against him, and he appealed.

The question is whether the plaintiffs are entitled to recover the value of the necessaries in an action on the bond. It is contended that, although an infant is liable for necessaries, he is not liable on a bond, especially one providing, as this does, for the payment of conventional interest.

Though there are highly respectable authorities to the contrary, the better opinion is, that where the instrument given for necessaries, is such as to admit of enquiring into its consideration, the infant is liable upon the instrument, and if the evidence be such as not to warrant a recovery for the amount, judgment may be rendered, *pro tanto*, for that part due on the instrument for which a minor would be legally liable. *Earle vs. Reed*, 10 *Metc.* 389 ; 13 *Pick.* 1 ; *Haines vs. Tenant*, 2 *Hill* (*S. C.*) 400 ; *Dubose vs. Wheddon*, 4 *McCord* 221 ; *Reeves' Dom. Rel.* 230· It is admitted that between adults, a contract may be apportioned and judgment given for that part of the consideration which is good, (*Parish vs· Stone*, 14 *Pick.* 198; *Harrington vs. Stratton*, 22 *Pick.* 516 ;) and no good reason can be given why the rule should not apply where an infant is concerned. Being liable for the value of the necessaries upon a *quantum valebant*, what protection would there be in permitting him to defeat an action on the instrument for the same amount ? Protection is the sole end of the infant's privilege, and the latter should never be extended further than is demanded by the former.

Under our statute the consideration of a bond may be enquired into and impeached, *Gould's Dig.*, 666, 856 ; hence the rule above laid down applies to this case, and the judgment must be affirmed.